## Reinert v. Reinert

*Barbara Sumple-Sullivan,* for petitioner.
*David Hean Stone,* for respondent.

SCHAFFNER, *J.,* July 11, 1986—George A. Reinert, respondent, and Mary A. Reinert, petitioner, were married on October 17, 1953. During the marriage Mr. Reinert was on active duty with the United States Army and served for approximately 20 years before retiring in 1973. The parties entered into a property-settlement agreement on February 15, 1979 and separated on March 3, 1979. A complaint in divorce under section 201(d) of the Divorce Code was filed on February 18, 1982 and a final decree in divorce was entered on May 28, 1982. No request for equitable distribution was made during the divorce proceeding.

On November 27, 1985, Mrs. Reinert filed a motion to vacate the divorce judgment and requested that the decree be modified to allow for the equitable distribution of the respondent's military pension. On January 3, 1986, an answer was filed and on January 23, 1986 a reply to new matter was filed.

This case was heard before the argument court en banc.

Mrs. Reinert avers that there is a fatal defect apparent on the face of the record and argues that the divorce judgment should be vacated in accordance with section 602 of the Divorce Code. She contends that when the divorce decree was entered military pensions were precluded from equitable distribution by virtue of the United States Supreme Court decision, McCarthy v. McCarthy, 453 US 210 (1981), which was handed down on June 26, 1981. Mrs. Reinert states that the Uniform Services Former Spouses' Protection Act, 10 USC 1408, reversed the McCarthy decision, and provided for the retroactive inclusion of military pensions in the marital estate in cases where divorce decrees were entered between June 26, 1981, the date of the McCarthy decision, and February 1, 1983, the effective date of the Uniform Services Former Spouses' Protection Act. She concludes that since the divorce decree was entered on May 28, 1982, the Uniform Services Former Spouses' Protection Act gives this court the authority to vacate the decree and include the military pension as marital property subject to equitable distribution.

We found no Pennsylvania cases on the questions presented here and determine that, despite the Uniform Services Former Spouses' Protection Act, the divorce decree issued relative to these parties should not be disturbed.

The pertinent section of the Uniform Services Former Spouses' Protection Act is 1408(c)(1), which states:

"Subject to the limitations of this section, *a court may treat disposable retired or retainer pay* payable to a member for pay periods beginning after

June 25, 1981, *either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court.*" (Emphasis added.) 10 USC §1408(c)(1).

We assume, from this federal act, that a Pennsylvania court could treat a military pension as marital property · and that, under appropriate circumstances, it would be proper to do so. Braderman v. Braderman, 339 Pa. Super. 185, 488 A.2d 613 (1985). The question for us is whether this decree, entered May 28, 1982, should be vacated by virtue of a request to do so made three and a half years later.

The answer to the question lies in section 602 of the Divorce Code, the section that the petitioning former wife puts forward as her authority for us to act. That section states:

"A motion to open a decree of divorce or annulment may be made only within 30 days after entry of the decree and not thereafter. Such motion may lie where it is alleged that the decree was procured · by intrinsic fraud or that there is new evidence relating to the cause of action which will sustain the attack upon its validity. *A motion to vacate a decree or strike a judgment alleged to be void because of* extrinsic fraud, lack of jurisdiction over the subject matter or because of *a fatal defect apparent upon the face of the record, must be made within five years after entry of the final decree.* Intrinsic fraud is such as relates to a matter adjudicated by the judgment, including perjury and false testimony, whereas extrinsic fraud relates to matters collateral to the judgment which have the consequence of precluding a fair hearing or presentation of one side of the case." (Emphasis added.)

Thus, petitioner is asking us to vacate the decree as *void* because of "a fatal defect apparent upon the face of the record." (Paragraph 10 of petition to vacate and page 10 of petitioner's brief before the court). A reading of section 602 shows rather clearly that the intent of the legislature was that a decree could be set aside only if there was a fundamental error in the case proceedings. Nothing like that is presented here. There is no fraud alleged at all by petitioner, and the jurisdiction of the court is not attacked. Nor, certainly, is there a "defect," fatal or otherwise, apparent upon the face of the record. This was a divorce action based on section 201(d). A complaint with plaintiff's affidavit was filed and satisfactory proof of service on defendant wife appears in the file. Motion was duly made requesting that the divorce decree issue and representing that, after service, defendant took no action. All of that was regular and ordinary process in this county in 1982 as it is now. In reality, therefore, petitioner comes to us not because of fraud or lack of jurisdiction or a fatal defect, but because a modification of law occurred after the decree was entered which she believes might have warranted a request, then, for equitable distribution. Section 602 of the Divorce Code, however, simply does not authorize us to act as the petitioner desires. Accordingly, we must deny her request.

We note, however, that Mrs. Reinert cites for us Beamer v. Beamer, 330 Pa. Super. 154, 479 A.2d 485 (1984), and urges us to act because of the equities of her case. Beamer did say that a court may open a divorce decree to receive further evidence in the exercise of its equitable powers under the Divorce Code, and as it seeks to see that economic justice is done between the parties. We note that the

request in that case was made some eight months after the final decree and as a result of a fire that had destroyed marital property that had not yet been distributed between the parties. The facts of this case are nowhere similar, or as compelling in calling forth equity, as those of the Beamer case. Here the parties made their property settlement in 1979, at the time of their separation, and we may fairly assume from the pleadings that the assets were at that time distributed, and the parties have gone on to lead their separate lives for more than six years before the petition to vacate was filed. That property-settlement agreement was made before marital property and equitable distribution were a part of Pennsylvania law and before, as well, the United States Supreme Court in McCarthy spoke whether a service man's pension was marital property or not. Additionally, the parties here did not divorce until 1982 and petitioner could have requested, at that time, that the court consider equitable distribution which would have necessitated a review of the property settlement that had been achieved. Even if, at that time, the husband's pension was not subject to equitable distribution, it certainly was an asset that he had and would have figured in the deliberations of the court relative to what constituted economic justice between the parties. Mrs. Reinert did not request equitable distribution at that time and we are not impressed that the equities of this case direct us to consider, at this late date, the economic fairness of the parties' settlement.

Accordingly, we enter the following

## ORDER

And now, this July 11, 1986, the request of Mary A. Reinert to vacate the divorce decree of May 28, 1982 is hereby dismissed.